UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEFRANCESCH,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 06-6474** |
| **SCOTTSDALE INSURANCE COMPANY,** *et al.* | **SECTION: I/5** |

### ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiffs, Fred and Eliana Defrancesch. For the following reasons, plaintiffs' motion to remand is **DENIED.**

### *BACKGROUND*

Plaintiffs, Fred and Eliana Defrancesch, suffered wind and flood damage to their duplex located in Kenner, Louisiana when Hurricane Katrina made landfall in the New Orleans area on August 29, 2005.[1] Their insurance was secured by Powell Insurance Agency, Inc. ("Powell"), and their policy was issued by Scottsdale Insurance Company ("Scottsdale").[2] Scottsdale contracted with Reliable Adjusting Company ("Reliable Adjusting") to estimate the damages plaintiffs sustained.[3] Scottsdale paid $7,235.43 of a $110,000 policy limit for damages sustained due to wind damage.[4] Plaintiffs filed suit against Scottsdale, Powell, and Reliable Adjusting in

---

[1] Rec. Doc. No. 1-2, pp. 1-2.

[2] Rec. Doc. No. 1-2, p. 2.

[3] Rec. Doc. No. 1-2, p. 2.

[4] Rec. Doc. No. 11-1, p. 2.

the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana on August 24, 2005.[5] Scottsdale removed the action to this Court on September 26, 2006.[6] Plaintiffs moved to remand the case on October 6, 2006, alleging that diversity jurisdiction had not been established and that defendant Reliable Adjusting did not consent to the removal.[7] Defendant Powell has also filed a motion to dismiss, arguing that plaintiffs' allegations do not state a cause of action against it. Plaintiffs have filed no opposition to Powell's motion.

*LAW AND ANALYSIS*

**I. Standard of Law**

*A. Motion to Remand*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of

---

[5] Rec. Doc. No. 1-2, p. 1.

[6] Rec. Doc. No. 1-1.

[7] Rec. Doc. No. 5-1, pp. 1-2.

remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

*B. Improper Joinder*

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts,[8] or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).[9] In *Smallwood*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

---

[8] There are no allegations of actual fraud in the pleading of jurisdictional facts, as no party disputes that defendant Powell is a Louisiana domiciliary. *See, e.g.*, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n.8 (5th Cir. 1981).

[9] The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder." *Smallwood*, 385 F.3d at 571 n.1.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.,* 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in the plaintiff's favor. *Id.*

## II. Discussion

### A. Diversity Jurisdiction

Plaintiffs argue that the $75,000 threshold needed to satisfy diversity jurisdiction under 28 U.S.C. § 1332 has not been met.[10] The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno*, 276 F.3d at 723. It has long been recognized that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reinsurance Co., LTD. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S. Ct. 586, 590, 82 L. Ed. 2d 845 (1938)). However, "when a complaint does not allege a specific amount in damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253 (*citing Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)

---

[10] Rec. Doc. No. 5-3, p. 2.

(holding that the court should determine whether it is more likely than not that the amount of the claim will exceed the jurisdictional amount)).

A defendant has two means of demonstrating the jurisdictional amount has been met: 1) showing that it is "facially apparent" on the complaint that the claim exceeds the jurisdictional amount, and 2) producing "summary judgement-type" evidence that supports the allegation that the requisite amount in controversy is met. *St. Paul Reinsurance*, 134 F.3d at 1253; *Creole Cottage Condominiums Assoc. v. State Farm Fire & Cas.*, No. 06-7892, 2006 U.S. Dist. LEXIS 94158, at *4 (E.D. La. Dec. 28, 2006); *Whitfield v. State Farm Mutual Auto. Ins. Co.,* No. 06-1240, 2006 U.S. Dist. LEXIS 27116, *2 (E.D. La. May 5, 2006) (Berrigan, C.J.); *Allen v. DISA, Inc.*, No. 04-3476, 2006 U.S. Dist. LEXIS 8111, at *4 (E.D. La. Mar. 8, 2006).

Plaintiffs do not list a specific amount of damages in their complaint; instead their complaint states that they seek all damages caused by rain and wind covered by their insurance policy.[11]  In their motion to remand, plaintiffs assert that the amount in controversy is what Scottsdale has paid under the policy, *i.e.*, $7,235.43.[12]  Scottsdale, however, provides evidence of plaintiffs' estimates, which totals $184,831.55 in wind related damage.[13]  Plaintiffs' contention that the amount in controversy is $7,235.43 is in error.  Plaintiffs have been paid this amount, and their amended complaint clearly states that they seek the remaining amount under the

---

[11] Rec. Doc. No. 6, p. 5 ¶X.  "Petitioner's desires all damages caused by the rain and wind and covered by his insurance to be paid by his insurer." *Id.*

[12] Rec. Doc. No. 5-1, p. 1.

[13] Rec. Doc. No. 11-1, p. 2.

$110,000 insurance policy limit, in addition to attorney's fees and statutory penalties.[14] Combined with the evidence that plaintiffs' wind estimates exceed $180,000, it is clear that plaintiffs seek an amount well in excess of the jurisdictional amount of $75,000. Thus, the jurisdictional amount pursuant to 28 U.S.C. § 1332 has been met.

*B.  Consent to Removal*

Plaintiffs next argue that removal was improper because one of the defendants, Reliable Adjusting, did not consent to removal.[15] Scottsdale, however, contends that Reliable Adjusting did not have to consent to the removal because, prior to removal, Reliable Adjusting was improperly served.[16] "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990) (*citing Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)); *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981). "'All defendants who are properly joined and served must join in the removal petition, and . . . failure to do so renders the petition defective.'" *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (*quoting Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1990)). "In addition, joinder is not required of defendants who have not been served at the time the notice of removal is filed."

---

[14] Rec. Doc. No. 6, p. 5 ¶¶X-XIII. These damages include, "but are not limited to, additional expenses incurred as a result of the bad faith and breach of duty, attorney's fees, inconvenience, statutory penalties, special damages and any other damages allowed under Louisiana law which may be proven at the trial of this matter." *Id.* at ¶XIII.

[15] Rec. Doc. No. 5-3, p. 1.

[16] Rec. Doc. No. 11-1, p. 3.

*Thompson v. Louisville Ladder Corp.*, 835 F. Supp. 336, 338 n.3 (E.D. Tex. 1993) (*citing Albonetti v. GAF Corp.-Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)).

Reliable Adjusting is listed as a defendant in the original complaint.[17] Scottsdale contends, however, that Reliable *Adjustment* was served instead of Reliable *Adjusting*; therefore, the named defendant in the complaint has not been properly served.[18] Plaintiffs have produced no evidence that either Reliable Adjusting or Reliable Adjustment were properly served prior to removal. Court records indicate that plaintiffs properly served Reliable Adjusting in January 2007,[19] while removal occurred on September 26, 2006.[20] Reliable Adjusting was served after the date of removal, rendering their consent to removal unnecessary. Accordingly, the petition for removal is valid because all of the properly served defendants at the time of removal consented to removal.

*C. Improper Joinder*

Finally, Scottsdale argues that Powell, the only non-diverse defendant, is an improperly joined party to this action because plaintiffs have failed to state a claim.[21] The Court must examine the allegations and determine whether plaintiffs' complaint states a claim against Powell. *See Smallwood,* 385 F.3d at 573. Plaintiffs' amended complaint states the following:

> Powell Insurance Company is an independent insurance agent in Metairie, Louisiana that secured the insurance of 2300 & 2302 Idaho Street for the

---

[17] Rec. Doc. No. 1-2, p. 1 ¶II.

[18] Rec. Doc. No. 1-2, p. 5.

[19] Rec. Doc. No. 20; Rec. Doc. No. 22. Plaintiff requested summons be issued for Reliable Adjusting on January 8, 2007, well after the removal petition had been filed. Rec. Doc. No. 19, p. 1.

[20] Rec. Doc. No. 1-1.

[21] Rec. Doc. No. 11-1, p. 1.

petitioners from Scottsdale Insurance.[22]

Other than naming Powell as a defendant in this proceeding, plaintiffs do not include any other allegations against Powell in the original or amended complaint.  Plaintiffs state that Powell "secured the insurance" for the duplex,[23] but plaintiffs fail to include any allegation of negligence or wrongdoing that would warrant a claim for damages.  Since plaintiffs have failed to properly assert a claim against Powell, this defendant will not present an obstacle to federal diversity jurisdiction.

Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs, Fred and Eliana Defrancesch,[24] is **DENIED**.  The Court finds that defendant Powell has been improperly joined, and plaintiffs' claims against this defendant are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion to dismiss filed on behalf of defendant, Powell Insurance Agency, Inc.,[25] is **DISMISSED AS MOOT**.

New Orleans, Louisiana, February __28th__, 2007.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[22] Rec. Doc. No. 6, p. 2 ¶IV.

[23] Rec. Doc. No. 6, p. 2.  Plaintiffs Memorandum in Support of Motion to Remand similarly lacks any discernable allegations against Powell.  Rec. Doc. No. 5-3, p. 2.

[24] Rec. Doc. No. 5.

[25] Rec. Doc. No. 9.